THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEREIDA MENDEZ, | |
| Plaintiff, | |
| v. | Case No. 04 C 4159 |
| PERLA DENTAL, DENTAL PROFILE, | Honorable Judge Filip |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION IN LIMINE**

Plaintiff NEREIDA MENDEZ, through her counsel, KURTZ LAW OFFICES, LLC, and CHILDRESS, DUFFY, GOLDBLATT, LTD., respectfully responds to Defendants' motion in limine and for the reasons set forth herein, Defendants' motion should be denied. In support, Plaintiff states as follows:

**I.      INTRODUCTION**

Defendants apparently seek to exclude evidence and testimony of other acts of sexual harassment and conduct that created a hostile work environment. While not explicitly phrasing their motion *in limine* with these words, it appears this is the intended effect of Defendants' motion.[1] Defendants also seek to bar use or reference of the EEOC determination and findings of fact and any documents contained in the EEOC file. Defendants fail to provide the court with the EEOC file or the specific documents they intend to bar. Defendants fail to meet their burden in establishing that the documents that would normally be admissible under FRE 803(8)(C) should not be admitted. The

---

[1]      Defendants' reference to class allegations is a red herring. While there is sufficient evidence based upon the EEOC's investigation, and evidence that will be presented at trial, of other women that were subject to a hostile work environment and retaliation (that Plaintiff could probably have brought a class), considering that sexual harassment was present in many if not all of Defendants' 10-plus locations, Plaintiff has not sought to represent a class in this case. Despite the fact that she did not seek to bring class allegations, the evidence of a pervasive and systemic hostile work environment is certainly relevant. *See Section* II, *Infra*.

PL'S RESP TO DEFS' MOT IN LIMINE
June 27, 2000

-1-

Court can certainly consider the documents on a case-by-case basis at trial as to whether or not admit them into evidence.

II. **EVIDENCE OF A PERVASIVE AND SYSTEMIC HOSTILE WORK ENVIRONMENT IS ADMISSIBLE AND PROBATIVE**

Defendants seek to bar Plaintiff from being able to present evidence of a pervasive and systemic hostile work environment and apparently testimony from other women that will confirm the harassment. Defendants cite no case law in support of their position that this evidence should be excluded. In fact, the case law is to the contrary and holds that such evidence is relevant and admissible in even single plaintiff sexual harassment cases.

Evidence of other incidents and victims of sexual harassment is highly relevant to issue of proof, requiring Plaintiff to prove that the conduct was severe or pervasive. Conduct towards others that Plaintiff witnessed is certainly admissible. Evidence of conduct directed towards other women is also admissible to Plaintiff's contention that Defendants failed to take effective remedial action to end the harassment, among other things. *See, e.g., Collins v. Village of Woodridge*, 96 F. Supp. 2d 744, 752 (N.D.Ill. 2000)(incidents of hostility and demeaning conduct toward women relevant and creates a triable issue as liability); *see also Meritor Savings Bank v. Vinson*, 477 U.S. 57, 65 (1986) (A jury is entitled to consider the "totality of the circumstances."); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993); *Fine v. Ryan International Airlines*, 305 F.3d 746, 752 (7th Cir. 2002) (finding court properly admitted evidence of other incidents of harassment); *Saxton v. AT & T*, 10 F.3d 526, 532 n. 11 (7th Cir.1993) (time-barred events may lay foundation for later events); *Resnick v. American Dental Ass'n*, 90 F.R.D. 530, 541 (N.D. Ill. 1981) (past information regarding discrimination is highly relevant); *see also Allen v. County of Montgomery*, 788 F.2d 1485, 1488 (11th Cir. 1986) ("while some or most of this evidence may be time-barred conduct, it is relevant") (citing *United Airlines v. Evans*, 431 U.S. 553 (1977)). The jury is entitled to know the extent of Defendants' repeated failure

to remedy complaints of sexual harassment and comply with their obligations under Title VII. In *Faragher v. Boca Raton*, 524 U.S. 775 (1998), the Supreme Court recognized that comments and conduct that is made in the presence of females and within "earshot" is actionable. 524 U.S. at 782. Such evidence is also relevant to Plaintiff's claim for punitive damages and injunctive relief.

Defendants' reliance on *Sims v. Mulcahy*, 902 F.2d 524 is inapposite. The defendant sought *in limine* to exclude any evidence of the individual's defendant's involvement in the termination of another employee who was terminated for theft, where the plaintiff was terminated for alleged tardiness. The court held that it "does not believe that the circumstances involving the other employee "are even within hailing distance" to the plaintiff's claims. The court found that any evidence relating to the termination of the other employee was "far afield and unrelated to the facts and circumstances in th[e] case." *Id.* at 531. Here, evidence of other women being subjected to sexual harassment is related to the facts, circumstances, proof issues, punitive damages, and rebutting any affirmative defenses, among other things, and should not be excluded. Thus, Defendants' motion should be denied.

    III.    **DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN OF PROOF THAT THE EEOC FINDINGS OR DOCUMENTS SHOULD BE EXCLUDED**

Defendants seek to bar Plaintiff from using the EEOC determination or any documents from the EEOC's investigation and findings of fact at trial. Defendants fail to refer or attach as an exhibit any of the documents they seek to exclude from the EEOC file and fail to provide any evidence or even specify how the information contained in those documents are more prejudicial than probative. There are multiple reasons for which these documents may be admitted, including FRE 803(8)(C), to refresh a witnesses' memory if necessary, impeachment, and even presenting evidence of Defendants' failure to take any effective remedial action, among other things.

Many courts have held such determinations to be admissible hearsay under the Federal Business Records Act, 28 U.S.C. § 1732, or under the public records exception of Fed. R. Evid. 803(8)(C). *Plummer v. Western International Hotels Co.*, 656 F.2d 502, 505 (9th Cir.1981) (case brought under Title VII of the Civil Rights Act of 1964 and under 42 U.S.C. § 1981); *Bradshaw v. Zoological Society*, 569 F.2d 1066, 1069 (9th Cir.1978) (Title VII case); *Smith v. Universal Services, Inc.*, 454 F.2d 154, 157-58 (5th Cir.1972) (Title VII case); *Strickland v. American Can Co.*, 575 F. Supp. 1111, 1112 (N.D.Ga.1983) (ADEA case). As a general proposition, administrative findings regarding claims of discrimination may be admitted under Rule 803(8)(C). *See Chandler v. Roudebush*, 425 U.S. 840, 864 n. 39 (1976); *Beech Aircraft Corp. v. Beech Aerospace Serv., Inc.*, 488 U.S. 153 (1988); *Halloway v. Milwaukee County*, 180 F.3d 820, 827 n. 9 (7th Cir.1999); *Tulloss v. Near N. Montessori Sch., Inc.*, 776 F.2d 150, 153 (7th Cir.1985). The text of Rule 803(8)(C) provides that such findings are admissible "unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8)(C). However, "the district court retains significant discretion as to whether such material ought to be admitted." *Halloway*, 180 F.3d at 827 n. 9; *see also* Fed.R.Evid. 803(8)(C) Advisory Committee Notes (suggesting criteria to consider on the issue of admissibility, but noting that no exhaustive list is possible). Defendants fail to present any information as to how the information contained in the documents lack trustworthiness. In fact, the EEOC's findings of facts and investigative reports would fall within the residual exception to the general hearsay rule (even if the statements were offered for the truth of the matter). *See Stolarczyk v. Senator Int'l Freight Forwarding*, 376 F. Supp. 2d 834, 841 (N.D. Ill. 2005) (setting forth the factors to consider under the residual exception).

Defendants fail to suggest how the "prejudicial effect of admitting such unreliable information may outweigh its probative value and thereby render it inadmissible under Fed.R.Evid. 403." *Tulloss*, 776 F.2d at 153. Thus, Defendants' motion should be denied.

### IV. <u>DEFENDANTS CASES ARE INAPPLICABLE</u>

Defendants rely on several cases that are inapplicable and are red herrings. Defendants rely upon *EEOC v. First Midwest Bank, N.A.*, 14 F. Supp. 2d 1028 (N.D. Ill. 1998) to contend that the Court should bar any reference to "class" allegations, and that "[t]his Court in the past has harshly criticized the EEOC for employing similar 'class action' tactics curing the conciliation process." (Defs.' Mot. at 3.) *First Midwest* is totally inapplicable here. In *First Midwest*, the Court stayed the case for sixty days while the parties explored conciliation. While a non-issue to any motion in limine, this Court is very familiar with the fact that settlement negotiations with Defendants have remained fruitless, and the EEOC faced similar road blocks. Defendants' unsupported and erroneous assertion that the EEOC engaged in any type of "class action" tactics is simply not the case and Defendants cite no evidence to support its contention. In fact, a class could have been supported based upon the fact that numerous women (certainly more than four or six) in many locations were subjected to a hostile work environment.

Defendants' reliance on *Stolarczyk v. Senator Int'l Freight Forwarding*, 376 F. Supp. 2d 834 (N.D. Ill. 2005) is also distinguishable. In *Stolarczyk*, the plaintiff was deceased prior to her deposition being taken and sought to admit the EEOC charge and entire EEOC file as substantive evidence to support her claims. Here, Plaintiff does not seek to admit any of the documents from the EEOC file to replace her own testimony. The court should not exclude the investigator's reports and findings of facts or other documents from the EEOC file, as they fall within several exceptions to the hearsay rule, including but not limited to Fed. R. Evid. 803(8)(C), they may be used for purposes of impeachment, and they may be used to refresh a witnesses' memory if necessary. Thus, Defendants' motion should be denied.

## V.    <u>CONCLUSION</u>

WHEREFORE, for the reasons stated herein, Plaintiff respectfully requests the Court deny Defendants' motion in limine, and grant Plaintiff such other relief as is just and equitable.

Respectfully submitted:

NEREIDA MENDEZ


/s/Dana L. Kurtz
*Electronically filed on November 15, 2005*

One of Plaintiff's Attorneys

Dana L. Kurtz, Esq.
KURTZ LAW OFFICES, LLC
414 South State Street
Lockport, Illinois 60441
Phone: 815.838.0968
E-mail: dkurtz@kurtzlaw.us