# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4159 | **DATE** | 8/18/2010 |
| **CASE TITLE** | Nereida Mendez vs. Perla Dental, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's amended motion for turnover brought against Broadway Bank and MB Financial [280] is denied.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　This matter is before the court on Plaintiff Nereida Mendez's (Mendez) amended motion to turnover funds. On April 26, 2007, a jury reached a verdict in favor of Mendez, and on April 26, 2007, the court entered judgment in favor of Mendez on all claims against Defendants in the total amount of $781,181.25. Subsequently, a citation to discover assets (Citation) was issued to Broadway Bank (Broadway), and on June 30, 2008, Broadway Bank submitted an answer to the Citation stating that it was holding $57,636.08 (Funds) in accounts belonging to Defendants (Accounts). Mendez requests that the court enter an order instructing Third-Party Respondents Broadway and/or MB Financial Bank, N.A. (MB) (collectively referred to as "Respondents") to turnover the Funds. Respondents have objected to the motion for turnover.

I. Possession of Funds by Broadway

　　Respondents indicate that the Funds were transferred to MB and that Broadway no longer possesses the Funds. Mendez has not provided any evidence to show that Broadway still possesses the Funds. Mendez also clarifies in the instant motion that she is seeking a turnover order from "whichever bank holds the funds." (A Mot. Turn 3). Broadway cannot turn over Funds that it does not possess. Mendez also argues

that Broadway "holds collateral in other assets of Defendants and third- parties that is sufficient to satisfy the obligations owed by Defendants. . . ." (Reply Turn. 3). However, Mendez has not specified what other assets she is referring to, and the record does not indicate what other assets are still in the possession of Broadway. Therefore, we deny the motion to turn over funds as it pertains to Broadway.

II. Turnover Motion Brought against MB

In regard to MB, Respondents argue that Broadway held a perfected security interest in the Accounts prior to transferring the Funds to MB. Respondents contend that Defendants obtained a mortgage (Mortgage) from Broadway, giving Broadway a security interest in the Accounts, and that MB now holds the security interest.

A. Waiver of Argument

Mendez argues that Respondents have waived the security interest argument by failing to initially raise the argument when answering the Citation. Mendez cites no legal authority for her position that responding to a citation without specifying a security interest constitutes a waiver of any interest in accounts that are subject to the citation. (Reply Turn. 3). Respondents point out that nothing in the Citation requested that Respondents identify any secured interests in Accounts held in the name of Defendants. Respondents provided the financial information concerning the Funds as requested in the Citation. There is no showing that Respondents made a knowing and voluntarily relinquishment of their right to assert the security interest in the Accounts. Thus, Respondents have not waived their argument relating to their security interest.

B. Effect of Lien on Security Interest

Respondents argue that Mendez cannot collect the Funds from the Accounts because Respondents have a prior security interest in the Accounts. Federal Rule of Civil Procedure Rule 69 provides that for a "money judgment" . . . "[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69. Illinois collection proceedings are governed by

| STATEMENT |
|---|

735 ILCS 5/2-1402, which provides that a judgment creditor can request the issuance of a citation. 735 ILCS 5/2-1402(a); *see also* 134 Ill.2d R. 277. Once a citation is properly served, "[t]he judgment or balance due on the judgment becomes a lien. . . ." 735 ILCS 5/2-1402(m).

Respondents have shown that they hold a security interest in the Accounts. Respondents also have shown that the security interest was filed and perfected in June 2006. Mendez acknowledges that the Citation was not issued until June 2008, long after the security interest was perfected by Respondents. (A. Mot. Turn 1-2). Pursuant to 735 ILCS 5/2-1402(g), Respondents are therefore treated as garnishees and are entitled to a setoff of the amount owed to Respondents. *See* 735 ILCS 5/2-1402(g)(stating that "[i]f it appears that any property, chose in action, credit or effect discovered, or any interest therein, is claimed by any person, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right"). Since Respondents are treated as garnishees, Respondents will need to comply with the requirements set forth in 735ILCS 5/12-707, such as those regarding notifications to Mendez and the holding of any non-exempt indebtedness. *Id.*

We note that Mendez cites *Vendo Co. v. Stoner*, 438 N.E.2d 933 (Ill. App. Ct. 1982), in which the court ruled that a bank holding treasury notes of a debtor lost its right to a setoff in the notes. *Id.* at 939. While the bank in *Vendo* lost its right to a setoff, the bank lost the setoff because it liquidated the treasury notes that were the subject of a citation and paid itself over and above the amount of the security interest held by the bank. *Id.* at 938-39. In the instant action, the record indicates that MB still possesses all of the Funds, and there is no indication that any non-exempt monies have been improperly transferred or used by MB. Thus, the lien held by Mendez on the Funds is subject to the security interest in the Accounts held by Respondents.

### C. Whether Security Interest Includes Funds

Mendez also contends that the Mortgage does not indicate a security interest in any monies, and instead specifies that the collateral consists of categories such as real property. Under Illinois law, pursuant to 810 ILCS 5/9-108, in order to hold a security interest, the collateral must be properly identified. Mendez contends that any security interest is limited to Defendants' "real property and rents, profits and proceeds of

| STATEMENT |
|---|
| real property, or accounts relating thereto." (Reply Turn. 4). Mendez cites no law or portion of the record to explain the basis for such a conclusion. (Reply Turn. 4). Respondents have pointed to language in security agreements with Defendants that identify the security interest and indicate that the Accounts would be collateral for such agreements. For example, one security agreement provided that it covered "all sums at any time on deposit for the benefit of the Mortgagor. . . ." (Sur Reply 5). Thus, the security interest held by Respondents encompasses the Accounts. Based on the above, we deny the motion for turnover brought against MB. |