IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEREIDA MENDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 4159 |
| ) | |
| DENTISTS P.C., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion for relief from judgment and on Plaintiff Nereida Mendez's (Mendez) motion for sanctions. For the reasons stated below, we deny the motion for relief from judgment and deny the motion for sanctions.

## BACKGROUND

Mendez brought the instant action and included in her second amended complaint a claim alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, and a Title VII hostile work environment claim (Count I), a Title VII retaliation claim (Count II), assault

1

and battery claims (Count III), intentional infliction of emotional distress claims (Count IV), an Illinois retaliatory discharge claim (Count V), a Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, claim (Count VI), and an Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.,* claim (Count VII).  The case proceeded to trial, and on April 26, 2007, the jury delivered a verdict in favor of Mendez on all claims.  The jury awarded Mendez compensatory damages, excluding back pay and overtime, in the amount of $20,431.25, overtime damages in the amount of $6,750, and lost wages, for the Illinois retaliatory discharge claim only, in the amount of $4,000, for a total non-punitive damages award of $31,181.25.  The jury also awarded punitive damages in the amount of $500,000 for the Title VII harassment claim and $250,000 for the Title VII retaliation and Illinois retaliation claims.  On April 27, 2007, final judgment was entered in this case.  The parties subsequently filed post-trial motions and briefs concerning the statutory damages cap.  On March 6, 2008, this case was reassigned to the undersigned judge.  On March 26, 2008, we granted Mendez's post-trial motions and denied Defendants' post-trial motions.  On April 28, 2008, Defendants filed a notice of appeal and the appeal is currently pending before the Seventh Circuit.  Defendants now request pursuant to Federal Rule of Civil Procedure 60(b) (Rule 60(b)) that the court vacate the final judgment entered by the prior judge on April 27, 2007.  Mendez seeks sanctions against Defendants' counsel

2

and counsel's law firms for bringing the Rule 60(b) motion.

## LEGAL STANDARD

Rule 60(b) provides the following:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The relief sought under Rule 60(b) "is 'an extraordinary remedy and is granted only in exceptional circumstances,' [and] a district court abuses its discretion only when 'no reasonable person could agree' with the decision to deny relief." *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009)(quoting in part *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)); *see also Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006)(noting that Relief under Rule 60(b)(6) requires a showing of "'extraordinary circumstances justifying the reopening of a final judgment'")(quoting *Gonzalez v. Crosby,* 545 U.S. 524 (2005)).

3

**DISCUSSION**

Defendants contend that, based on a jury instruction given to the jury by the presiding judge regarding the Illinois retaliatory discharge claim (Jury Instruction), the jury gave a verdict on a claim over which the court had no subject matter jurisdiction. Mendez contends that the Rule 60(b) motion is baseless and that Defendants' counsel and their law firms should be sanctioned for bringing the motion.

I. Rule 60(b) Motion

Defendants contend that the Jury Instruction asked the jury to give a verdict on a claim that is preempted by the Illinois Human Rights Act, and thus, this court that was reassigned this case should declare the judgment void under Rule 60(b)(4).

A. Ruling in Case with Appeal Pending

Although this case is currently pending on appeal, Defendants contend that the court can consider the instant motion. A court may consider a Rule 60(b) motion, even "[a]fter an appeal has been filed. . . ." *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008). If the motion is without merit, the district court "should rule promptly and deny it; if the court finds some merit, it should issue a short

4

memorandum so that the court of appeals can be informed of its views and take appropriate action." *Id.* A district court can address the issue of whether it has or had subject matter jurisdiction at any time during the proceedings and even while a case is on appeal. *See, e.g., id.* (indicating district court could have considered jurisdictional issue raised in Rule 60(b) motion during appeal); *see also* Fed. R. Civ. P. 12(h)(stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Thus, we can consider the instant Rule 60(b) motion. We note, however, that Defendants never raised any objection to the Jury Instruction at trial with the prior judge.


B.  Whether Court Lacked Subject Matter Jurisdiction Based on Instruction

Defendants argue that the jury instruction provided by the court instructed the jury that Mendez could prevail on the retaliatory discharge claim if she proved that she was "fired because she complained about sexual harassment in the workplace." (Mot. 6). Claims that are "'inextricably linked' to allegations of sexual harassment" are preempted by the Illinois Human Rights Act (IHRA), and can "be brought only before the Illinois Human Rights Commission." *Quantock v. Shared Marketing Services, Inc.*, 312 F.3d 899, 905 (7th Cir. 2002)(quoting in part *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 22-23 (Ill. 1977)). Defendants contend that the Jury

5

Instruction, by requiring the jury to base the Illinois retaliatory discharge claim on whether there was sexual harassment, created a claim that is pre-empted by the IHRA. However, regardless of whether the Jury Instruction was an accurate statement of the law for an Illinois retaliatory discharge claim, Defendants have not shown that the court lost subject matter jurisdiction simply based on the wording of a jury instruction.

As Defendants acknowledge, the claim presented by Mendez in her complaint and during the case was an Illinois retaliatory discharge claim that was not premised on facts that would render it preempted by the IHRA. Defendants state in their motion that "[w]hat was pled in the Second Amended Complaint as a retaliatory discharge claim" was "a claim over which this Court arguably had subject matter jurisdiction. . . ." (Mot. 4). Defendants contend that due to the Jury Instruction provided at the end of the trial, the retaliatory discharge claim "was not what was presented to the jury to adjudicate." (Mot. 4). Even if the Jury Instruction given to the jury at the conclusion of the trial did not accurately state the law or contained language that mirrored a type of claim that would be preempted by the IHRA, that does not mean that the claim brought by Mendez and presented at trial changed upon the giving of the Jury Instruction to the jury. The alleged error in the Jury Instruction was a matter that could have been objected to by Defendants at trial, and Defendants

6

cannot avoid the effects of the failure to object by recasting the issue as an issue of subject matter jurisdiction. Although Defendants cite cases indicating that the IHRA preempts certain claims and that a court can grant a Rule 60(b) motion if the court lacked subject matter jurisdiction when entering a judgment, Defendants cite no cases in which the wording of a jury instruction stripped the court of subject matter jurisdiction. Based on all of the foregoing, we deny Defendants' Rule 60(b) motion.

II. Motion for Sanctions

Mendez moves for sanctions against Defendants pursuant to Federal Rule of Civil Procedure 11 (Rule 11). Pursuant to Rule 11, "[b]y presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . . ." Fed. R. Civ. P. 11(b). If a party is provided with notice of the Rule 11 motion, provided with a reasonable opportunity

to respond to the motion, and thereafter is shown to have violated Rule 11(b), "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).

Mendez argues that Defendants' Rule 60(b) motion is not warranted under existing law, and thus, was frivolous as a matter of law. Mendez cites to *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367 (2010), in which the Supreme Court emphasized the rarity of circumstances warranting the granting of a Rule 60(b)(4) motion. *Id.* at 1377. While, as indicated above, Defendants' position in regard to the Rule 60(b) motion was not meritorious, Mendez has not pointed to controlling precedent that foreclosed Defendants from pursuing such an argument in good faith. Mendez cites to an Illinois Supreme Court case regarding subject matter jurisdiction, (Sanc. 8), but on the issue of subject matter jurisdiction such law is not controlling precedent in this court. Mendez has not shown that sanctions are warranted in this instance, and we deny the motion for sanctions.

## CONCLUSION

Based on the foregoing analysis, we deny Defendants' Rule 60(b) motion and deny Mendez's motion for sanctions.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  August 18, 2010