THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEREIDA MENDEZ, <br><br> Plaintiff, <br><br> v. <br><br> DENTISTS, P.C., DENTAL PROFILE, LTD., PERLA DENTAL, DENTAL PROFILE, <br><br> Defendant. | Case No. 04 C 4159 <br><br> Honorable Judge Der-Yeghiayan |

**PLAINTIFF'S MOTION FOR RULE TO SHOW CAUSE
<u>AGAINST MB FINANCIAL</u>**

Plaintiff NEREIDA MENDEZ, by and through her undersigned attorneys, respectfully move this Court for an order to show cause why MB Financial should not be held in contempt of court for failing to answer Plaintiff's Citation to Discovery Assets to MB Financial. In support, Plaintiffs state as follows:

1. On April 26, 2007, a jury reached a verdict in favor of Plaintiff Nereida Mendez (Mendez), and on April 26, 2007, the court entered judgment in favor of Mendez on all claims against Defendant in the total amount of $781,181.25.

2. On June 21, 2010, Mendez served MB Financial with a citation to discover assets ("Citation"). (Exhibit 1, attached hereto.)

3. On July 3, 2010, MB Financial filed a motion to quash the citation, which this Court denied on August 18, 2010, holding in relevant part:

> Mendez has provided with her response portions of the record from bankruptcy proceedings initiated by Defendants. The record shows that Defendants indicated in the bankruptcy proceedings that they are keeping funds in an MB account with the account name "AYA Dental." . . . . Thus, since Mendez is not seeking the disclosure of funds held by MB for a non-judgment debtor, the Citation appropriately seeks the disclosure of funds held in the "AYA Dental" account. Therefore, we deny the motion to quash citation.

(*See* Docket 301, 7/3/10 Order.)

4. On that same day, August 18, 2010, Plaintiff's counsel sent MB Financial's counsel correspondence, stating in relevant part: ". . . Please produce the records and information per the citation by no later than this Friday, August 20, 2010. . . ."

5. MB Financial did not respond.

6. MB Financial has failed and refused to answer the Citation.

7. The Citation required that MB Financial answer by June 25, 2010.

8. MB Financial has failed to comply with the Citation, and therefore, is in contempt of Court. *See Laborers' Pension Fund v. Pavement Maintenance, Inc.*, 542 F.3d 189, 192 (7th Cir. 2008) (affirming the district court's order granting the plaintiff's motion for rule to show cause and the turnover order).

WHEREFORE, for the above stated reasons, Plaintiff respectfully requests the Court enter an order:

   A. For Rule to Show Cause why MB Financial should not be held in contempt of court for failing to answer the Citation;

B.  Requiring MB Financial to answer the Citation within three (3) days of the Court's Order;

C.  Granting Plaintiff her fees and costs in having to bring this motion;

D.  Granting such other relief that is just and equitable.

Respectfully submitted,

NEREIDA MENDEZ

*s/Dana L. Kurtz*

*Electronically filed on August 26, 2010*

Dana L. Kurtz (ARDC# 6256245)
KURTZ LAW OFFICES, LTD.
414 South State Street
Lockport, Illinois 60441
Phone:   815.838.0968
Facsimile:  312.893.2239
E-mail:  dkurtz@kurtzlaw.us