THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEREIDA MENDEZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DENTISTS, P.C., DENTAL PROFILE, LTD., PERLA DENTAL, DENTAL PROFILE,<br><br>　　　　　Defendants. | Case No. 04 C 4159<br><br>Judge Joan Humphrey Lefkow<br>Magistrate Judge Maria Valdez |

## PLAINTIFF'S MOTION FOR JUDGMENT AGAINST MB FINANCIAL

Plaintiff/Judgment Creditor, Nereida Mendez, through her undersigned counsel, moves this Honorable Court for judgment against MB Financial for violating 735 ILCS § 5/2-1402 during the post-judgment supplementary proceedings in this case. In support, Plaintiff states:

1. On April 27, 2007, the Court entered a judgment in the amount of $781,181.25 against Defendants. (Docket #140.) On March 26, 2008, this Court ruled on post trial motions reducing the judgment to $387,931.25. (*See generally* Docket #207.) No final judgment has been entered to reflect the reduction of Mendez's judgment from $781,181.25 to $387,931.25. To date, the judgment has not been satisfied by Defendants or Husam Aldairi, the sole shareholder and owner of Defendants.[1]

---

[1] Plaintiff has re-filed her fee petition and bill of costs, which the court struck with leave to re-file because Defendants filed for bankruptcy. Plaintiff is also entitled to ongoing fees and

2. Plaintiff has only received $33,783.94 towards her judgment in post judgment proceedings in this case.

3. When Mendez's counsel started to issue citations and garnishments to the various banks that held funds on behalf of Defendants, Defendants filed bankruptcy petitions under Title 11, Chapter 11 on July 1, 2008. After approximately two (2) years of litigation before the Bankruptcy Court, the Bankruptcy Court dismissed Defendants' bankruptcy petitions and found that the bankruptcy was filed solely for the purpose of delaying Mendez's ability to collect on the judgment entered in this case. Accordingly, Mendez brought a motion for sanctions pursuant to Bankruptcy Rule 9011 and 11 U.S.C. § 105(a). On March 31, 2011, the bankruptcy court entered a judgment in the amount of $314,536.34 against Defendant Judgment Debtors Dentists PC, Dental Profile, and Husam Aldairi as a sanction for filing the bankruptcy petitions.

4. On April 28, 2010, the Clerk for the Northern District of Illinois issued a citation to MB Financial, stating in relevant part:

> Your answer will inform the Court as to any and all accounts and property you may hold belonging to, held in part by, or for which any deposits and/or transactions were made DENTISTS, P.C., DENTAL PROFILE, LTD., PERLA DENTAL/DENTAL PROFILE.

(Exhibit 1, Citation to MB Financial and Answer.)

5. The Citation also stated:

---

expenses in the cost of collection. *See Balark v. Curtin*, 655 F.2d 798, 803 (7th Cir. 1981); *see also Bond v. Stanton*, 630 F.2d 1231, 1233 (7th Cir. 1980).

**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of money beyond double the amount of the judgment.

**WARNING:** YOUR FAILURE TO COMPLY WITH THE CITATION PROCEEDING MAY RESULT IN A JUDGMENT BEING ENTERED AGAINST YOU FOR THE UNSATISFIED AMOUNT OF THIS JUDGMENT. 735 ILCS 5/2-1402(d)(1).

(Exhibit 1, Citation to MB Financial and Answer.)

6. MB Financial was served with the Citation and provided an answer that there were no funds in any of the judgment debtors' accounts on May 5, 2010. MB Financial did not disclose any accounts held in the names of the Defendant judgment debtors. (*See* Exhibit 1, Citation to MB Financial and Answer.)

7. On May 27, 2011, MB Financial produced bank records in response to Plaintiff's citation served in the bankruptcy case.

8. The documents produced by MB Financial show that in fact Defendants maintained an account at MB Financial in the name of Dental Profile, Ltd., "Operating Account." The account maintained a balance of $104,528.11. However, as of October 31, 2010, after the Citation was served on MB Financial, there was a balance of negative $15.00. (*See* Group Exhibit 2, MB Financial Documents.)

9. The documents produced by MB Financial also show that Defendants maintained an account at MB Financial in the name of Dental Profile, Ltd. The account

maintained a balance of $356.79. However, as of October 31, 2010, after the Citation was served on MB Financial, there was a balance of negative $15.00. (*See* Group Exhibit 2, MB Financial Documents.)

10. MB Financial failed to disclose these accounts to Plaintiff and failed to garnish them despite its obligations to do so pursuant to the Citation and as required under 735 ILCS § 5/2-1402.

11. As a result of MB Financial's failure to freeze these accounts of Defendants, $104,528.11 and $356.79, totaling $104,884.90, was transferred out of their accounts and Mendez could not apply these monies to the balance of her judgment.

12. Under Section 5/2-1402 of the Illinois Code of Civil Procedure, this Court has the authority to enter a judgment against MB Financial, and in favor of Mendez, in the sum of $104,884.90 towards Mendez's judgment against Defendants. *See* 735 ILCS § 5/2-1402(f)(1).

13. Illinois law provides that a court may punish violations of the restraining provision of a citation, as follows: "The court may punish any party who violates the restraining provision of the citation as and for a contempt, or if the party is a third-party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser." 735 ILCS § 5/2-1402(f)(1).

14. "[T]he statute[,735 ILCS § 5/2-1402(f)(1)], does not state that the funds must be the property of the judgment debtor when transferred, as it specifically references assets

4

'belonging to the judgment debtor *or to which he or she may be entitled* or which may be thereafter acquired by *or become due* to him or her. . . .'" *Citizens Financial Services v. Atlas Financial Corp.*, 2003 WL 21294907, at * 3 (N.D. Ill. Feb. 19, 2003) (citing 735 ILCS § 5/2-1402(f)(1)).

15. In *Citizens Financial Services*, money of the defendant debtors was "transferred from an account at Bank One to an account belonging to Peterson at Community Bank of Lemont." Judge Lefkow held that "[a]s such, no dispute exists that Bank One made and allowed a transfer of funds which one or more defendants had become entitled to. This clearly falls within the statutory language of the Illinois statute." *Id*. Therefore, the court granted the plaintiff's motion seeking an order directing Bank One to pay $35,000.00 to Citizens Financial because Bank One allowed the transfer of that money out of the account. *Id*.

16. The law is clear that a citation to discover assets prohibits the cited party from transferring or allowing the transfer of assets presently in its possession or that later come into its possession. 735 ILCS § 5/2-1402(m)(2).

17. MB Financial did not disclose in its answer or in any amended answer these accounts, it did not disclose that it had in its possession or that it later came into possession of $104,884.90 in the Defendant Judgment Debtors bank accounts, and it did not disclose that as of October 31, 2010 it allowed the $104,884.90 to be transferred out of these accounts. Therefore, this Court should order MB Financial to pay $104,884.90 to Plaintiff because it violated the Citation and 735 ILCS § 5/2-1402.

**WHEREFORE**, for the above stated reasons, Plaintiff Mendez respectfully requests this Court enter an Order entering judgment against MB Financial in the amount of $104,528.11 and $356.79, totaling: $104,884.90; and granting such other relief that is just and equitable.

Respectfully submitted,

NEREIDA MENDEZ


*s/Dana L. Kurtz*

Attorney for Plaintiff

Dana L. Kurtz (ARDC# 6256245)
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, IL 60521
Phone:   630.323.9444
Facsimile:  630.604.9444
E-mail: dkurtz@kurtzlaw.us