THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEREIDA MENDEZ, | |
| Plaintiff, | |
| v. | Case No. 04 C 4159 |
| DENTISTS, P.C., DENTAL PROFILE, LTD., PERLA DENTAL, DENTAL PROFILE, | Magistrate Judge Maria Valdez |
| Defendants. | |

## PLAINTIFF'S MOTION FOR CONTEMPT AND FOR JUDGMENT AGAINST REPUBLIC BANK

Plaintiff/Judgment Creditor NEREIDA MENDEZ, through her undersigned counsel, moves this Honorable Court for contempt and judgment against Republic Bank for violating 735 ILCS § 5/2-1402 during the post-judgment supplementary proceedings in this case. In support, Plaintiff states:

1. On April 27, 2007, the Court entered a judgment in the amount of $781,181.25 against Defendants. (Docket #140.) On March 26, 2008, this Court ruled on post trial motions reducing the judgment to $387,931.25. (*See generally* Docket #207.) To date, the judgment has not been satisfied. In fact, Plaintiff has only collected $33,783.95. (*See* Docket #254, Order granting turnover as to $22,577.63 and $1,222.32; Docket #363, Order granting turnover as to $9,984.00.)

2. Mendez obtained evidence from other citations and checks produced by MB Financial Bank and from testimony of Aldairi before the Bankruptcy Court that Defendants through Aldairi were transferring funds to himself, his wife, and other entities owned by Aldairi. Mendez also learned that Defendants were holding accounts at Republic Bank, but did not know the specifics as to what account name the accounts were being held under.

3. Based on this evidence, the Clerk for the Northern District of Illinois issued a citation to Republic Bank on October 7, 2010, stating in relevant part:

> Your answer will inform the Court as to any and all accounts and property you may hold belonging to, held in part by, or for which any deposits and/or transactions were made DENTISTS, P.C., DENTAL PROFILE, LTD., PERLA DENTAL/DENTAL PROFILE.

The Citation also stated:

> Funds for these entities are being held under the account name of AYA DENTAL, LTD, AYA DENTAL, HUSAM ALDAIRI, RAWAA ATTAR, DENTISTS, P.C., DENTAL PROFILE, LTD., DENTAL PROFILE, INC., ELGIN DENTAL, LTD., ELGIN DENTAL PROFILE, LTD., PERLA DENTAL/DENTAL PROFILE, HUSGUS, LLC, AKA DENTAL, LTD., AT DENTAL, LTD., DENTAL PROFILE MICHIGAN, LTD. , A2Z DENTAL, LTD., GUADALUPE DENTAL, INC., HYDE PARK DENTAL PROFILE, LTD., NORTH DENTAL PROFILE, INC., SAN VALENTINO, INC., AL DAIRI INVESTMENT PARTNERSHIP, AYAT MEDIA, INC., DENTAL PROFILE BURBANK.

(Exhibit 1, Citation.)

4. The citation, pursuant to 735 ILCS § 5/2-1402, ordered Republic Bank to produce all documents showing funds of Defendants, as well as funds of AYA Dental, Husam

Aldairi, Rawaa Attar, Hyde Park Dental Profile, Elgin Dental Profile, and AKA Dental, among others. (*See* Exhibit 1, Citation at 10.)

5. The citation further prohibited Republic Bank from "making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to [Defendants] or to which [Defendants] may be entitled or which may be acquired by or become due to [Defendants] . . . ." (Exhibit 1, Citation at 1.) The citation further provided a warning to Republic Bank that its "failure to comply with the citation proceeding may result in a judgment being entered against [it] for the unsatisfied amount of this judgment." (Exhibit 1, Citation at 2 (citing 735 ILCS § 5/2-1402(d)).)

6. The Citation also provided the following:

> **YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of money beyond double the amount of the judgment.
>
> **WARNING:** YOUR FAILURE TO COMPLY WITH THE CITATION PROCEEDING MAY RESULT IN A JUDGMENT BEING ENTERED AGAINST YOU FOR THE UNSATISFIED AMOUNT OF THIS JUDGMENT. 735 ILCS 5/2-1402(d)(1).

(Exhibit 1, Citation at 2.)

7. Thus, Republic Bank was required to hold double the amount of the judgment, and to ensure that no funds of Defendants were transferred, disposed or, or interfered

with in any way. Republic Bank was further provided with notice that its "failure to comply . . . may result in a judgment being entered against [it] for the unsatisfied amount of this judgment," (Exhibit 1, Citation at 2), which is consistent with Illinois law, 735 ILCS § 5/2-1402(f)(1).

8. On October 11, 2010, Plaintiff served Republic Bank with the Citation. (Exhibit 1, Citation Certificate of Service.)

9. Pursuant to the citation, Republic Bank froze the funds of all accounts that had account names of those listed in the citation to discover assets.

10. On October 14, 2010, counsel for AYA Dental, Rawaa Attar, Husam Aldairi, Elgin Dental Profile, AKA Dental, Ltd., and Hyde Park Dental Profile moved on an emergency basis to quash the citation issued to Republic Bank. (Docket # 312.)

11. On October 15, 2010, the Honorable Judge Der-Yeghiayan of the District Court upheld the citation to discover assets as it related to Defendants and AYA Dental, but quashed the citation to Rawaa Attar, Elgin Dental Profile, AKA Dental, Ltd., and Hyde Park Dental Profile. (*See* Docket #316; *see also* 10/15/10 Hr'g Trans. 63:15-17.)[1] Republic

---

[1] Judge Der-Yeghiayan's order was before bankruptcy Judge Cox issued her memorandum opinion and order finding that Aldairi and the Defendant Judgment Debtors in this case were transferring funds to other entities owned by Aldairi and himself and his wife. (Exhibit 3, Bankr. Docket #378.) Judge Cox also held:
> Aldairi repeatedly maintained throughout the proceedings that Abu Ghoush, the accountant for the Debtors, knows all of the details regarding the dental businesses. Based on his testimony, however, Abu Ghoush also seemed unsure and confused as to the corporations under which each dental clinic operates. According to his 2004 examination testimony, Abu Ghoush, stated that the North Avenue and Montrose A venue locations operate under a corporation called Perla Dental and that the Addison location alone operates under the Dental Profile name. (Abu Ghoush 2004 Exam at 12.)

Bank was required to continue to freeze the funds held in the bank accounts of Defendants and AYA Dental until further notice. *See generally* 735 ILCS § 5/2-1402.

12. On March 9, 2011, Republic Bank finally answered the Citation by providing Mendez's counsel with bank records for Defendants and AYA Dental. These records showed that Republic Bank failed to continue to freeze the accounts of Defendants Dental Profile and Dentists PC and released the funds held in Defendants' accounts after the October 7, 2010 Citation was issued.

13. Republic Bank's records for Defendants Dental Profile and Dentists PC indicate that beginning on October 12, 2010 through February 28, 2011, Republic Bank allowed Defendants to transfer approximately $716,886.05 out of Defendants Dental Profile and Dentists PC's bank accounts at Republic Bank. (*See* Exhibit 2, Spreadsheet of Transaction Withdrawals after service of Citation.)

14. As a result of Republic Bank's failure to continue to freeze the accounts of Defendants, $716,886.05 was disbursed out of Defendants Dental Profile and Dentists

---

Subsequently, during his testimony at trial, he stated that every clinic was owned by Dental Profile and that the Montrose and North Broadway locations were owned by Dentist, P.C.

(Exhibit 3, Bankr. Docket #378 at 4 n. 4); *see also* Docket #468-1, Exhibit 8 to Pl.'s Motion for Turnover, 2/16/11 Bankr. Trans. 25:1-26:18, 38:8-17, 46:16-21, 47:10-48:11 (Dr. Aldairi's bookkeeper testified that these locations were owned by Dental Profile); *see* Docket #468-1, Exhibit 9 to Pl.'s Motion for Turnover, Chart of Corporate Structure and Clinics (showing clinic locations falling under Dental Profile).) This Court may take judicial notice of Judge Cox's order and the factual findings she made. In fact, Judge Cox's factual findings are subject to issue preclusion, otherwise referred to as collateral estoppel. *Lieberman v. Liberty Healthcare Corp.*, 408 Ill.App.3d 1102, 1107-09 (4th Dist. 2011) (citing *People v. Hopkins*, 235 Ill.2d 453, 468 (2009); *see also Mabie v. Village of Schaumburg*, 364 Ill.App.3d 756, 758 (1st Dist. 2006)).

PC's accounts at Republic Bank, and Mendez could not apply those monies to the balance of the judgment.

15. Under § 5/2-1402, this Court has the authority to enter a judgment against Republic Bank, and in favor of Mendez, in the sum of the unpaid portion of Mendez's judgment against Defendants. *See* 735 ILCS § 5/2-1402(f)(1). 735 ILCS § 5/2-1402(f)(1) provides: "The court may punish any party who violates the restraining provision of the citation as and for a contempt, or if the party is a third-party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser." § 5/2-1402(f)(1).

16. 735 ILCS § 5/2-1402(f)(1) creates two limited exceptions to the prohibition on transfer: the transfer of exempt property, and property in excess of double the balance due on the judgment. *Laborers' Pension Fund v. Dominic Jr., Inc.*, 2003 WL 21310282, * 2 (N.D. Ill. June 5, 2003); *City of Chicago v. Air Auto Leasing Co.*, 297 Ill.App.3d 873, 879 (1998); *see also* 735 ILCS § 5/2-1402(f)(1). Courts have consistently condemned any deviation from this directive. *Laborers' Pension Fund*, 2003 WL 21310282, at **2-3 ("Defendant has not presented, and this court's research has not disclosed, any authority suggesting that the employer may decide unilaterally and without prior court approval to issue checks to workers from an account subject to the citation lien."); *Air Auto Leasing Co.*, 297 Ill.App.3d at 879 (holding that citations issued under 735 ILCS § 5/2-1402 do not allow payments to trade creditors or to third parties for any purpose,

and that there is no exception in the statute for transfers in the "ordinary course of business"). Neither of the two statutory exceptions is present in this case.

17. The purpose of this is to prevent the citation respondent "from transferring funds which may become due to the judgment debtor, in order to insure that the latter does not abscond with money that is due." *Cacok v. Covington Electric Co., Inc.*, 111 F.3d 52, 54 (7th Cir.1997); *see also Shales v. Lanas Const., Inc.*, 2010 WL 3842362, * 4 (N.D. Ill. Sept. 24, 2010).

18. Illinois law provides that a court may punish violations of the restraining provision of a citation "as and for a contempt." 735 ILCS § 5/2-1402(f)(1); *see also* Ill. Sup.Ct. R. 277(h) ("[a]ny person who fails to obey a citation . . . may be punished for contempt."); *Shales*, 2010 WL 3842362, at * 4.

19. In *Bank of America, N.A. v. Veluchamy*, the Seventh Circuit held that "a person who transfers property in contravention of a citation order may be "punished either by having a judgment entered against him for the amount of the judgment creditor's claim or the value of the property, whichever is less, or may be punished as and for contempt." 643 F.3d 185 (7th Cir. 2011); *see also, e.g., Shales*, 2010 WL 3842362, at * 4.

20. In *Shales*, the district court entered judgment against a third parties, Daniels and Lanas, for the unpaid amount of the judgment, $140,572.35, plus the costs incurred before the court, but not for interest. 2010 WL 3842362, at * 7. The court held that "Section 2-1402(f)(1) authorizes a court to enter a judgment against a third party in

7

violation of a citation order 'in the amount of the unpaid portion of the judgment and costs,' but not interest." *Id.*, *citing For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 2009 WL 3255236, *3-4 (N.D. Ill. Oct. 6, 2009). The district court then directed the Clerk to "to enter judgment against Walter Daniels Construction and Jeff Lanas, jointly and severally, in the amount of $140,572.35 plus costs of enforcement." *Id.*

21. In *For Your Eyes Only*, the court found that the third party citation respondent, Home Shopping Network ("HSN"), violated the citation and entered judgment against HSN in the amount of $382,216, plus costs. 2009 WL 3255236, at *3-4. The district court held: "Based upon all of the facts, the court finds that HSN was aware that the assets in question—the rights to payments by HSN for the anti-tarnish jewelry boxes—may have belonged to the judgment debtors and, therefore, violated the citation when it transferred those assets to Anewco." *Id.* at * 3. The court held that a judicial determination was not required for compliance with the citation. *Id.* "All that Illinois law requires to place a lien on the property is notice that the payments may be assets of the debtors." *Id.* at * 2.

22. In light of Republic Bank's violation of the restraining provision of the Citation, Plaintiff files this motion for contempt against Republic Bank and for judgment against them in the remaining amount of the judgment.

23. The unpaid portion of the judgment is in the amount of **$354,147.30** (387,931.25 – $33,783.95 = $354,147.30).

24. Mendez is also entitled to her attorneys' fees and costs in bringing this motion against Republic Bank for its failure to comply with the Citation. *E.g.*, *Shales,* 2010 WL 3842362, at * 7.

**WHEREFORE**, for the above stated reasons, Plaintiff Mendez respectfully requests this Court enter an Order:

A. Entering an order holding Republic Bank in contempt of the Citation and awarding judgment against Republic Bank in the amount of **$354,147.30**, the remaining portion of Mendez's current judgment;

B. Granting Mendez her attorneys' fees and costs in bringing this motion; and

C. Granting Mendez such other relief that is just and equitable.

Respectfully submitted,

NEREIDA MENDEZ

*s/Dana L. Kurtz*

*Electronically filed on August 22, 2011*

Dana L. Kurtz (ARDC# 6256245)
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, IL 60521
Phone: 630.323.9444
Facsimile: 630.604.9444
E-mail: dkurtz@kurtzlaw.us