# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4159 | **DATE** | 10/26/2011 |
| **CASE TITLE** | Mendez vs. Dentists, P.C. et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion for reassignment of related case [#509] is granted. Ruling date of 10/27/2011 on motion to reassign case is stricken. *See Statement portion of this minute order for further detail.*

■[ For further details see text below.]              Notices mailed by Judicial staff.

## STATEMENT

Defendants Dental Profile, Inc. and Dentist, P.C. are former debtors under bankruptcy case numbers 08 B 17148 and 08 B 17149 (collectively the "initial bankruptcy cases"), which were dismissed on January 12, 2010. The bankruptcy court, however, retained jurisdiction to resolve sanction and contempt proceedings pending against defendants. Defendants are also judgment debtors under an order of sanctions issued by the bankruptcy court on March 31, 2011. Judge Jacqueline Cox presided over those proceedings.

On September 22, 2011, Bankruptcy Judge Doyle granted plaintiff's motion to reassign the bankruptcy case of Husam Aldairi, case number 08 B 17148, to Judge Cox. Judge Doyle found that Aldairi's case and the initial bankruptcy cases involved affiliate persons and entities as defined under 11 U.S.C. § 101(2).

This court is in the midst of post judgment proceedings to satisfy a judgment entered against defendants on April 26, 2007 from claims arising out of plaintiff's employment. Post judgment enforcement against Aldairi is currently stayed pending the outcome of his bankruptcy proceeding. On July 28, 2011, defendants filed a motion to withdraw the reference, which is pending before Judge Dow in case number 11-CV-5115. Defendants now ask that case number 11-CV-5115 be reassigned to this court.

Any party may file a motion for reassignment based on the relatedness of two or more cases. N.D. Ill. L.R. 40.4(c). The party moving for reassignment must show that the standards in Local Rule 40.4(a) and 40.4(b) are satisfied. According to Local Rule 40.4(a), two or more civil cases may be related if one or more of the following conditions are met (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, the classes are the same.

Under Local Rule 40.4(b), the court may reassign a case related to an earlier-numbered case if (1) both cases

**STATEMENT**

are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

Defendants claim the instant case is related to case number 11-CV-5115 (and the underlying initial bankruptcy cases) because both (1) relate to the same property; (2) involve the same issues of fact; and (3) grow out of the same post judgment enforcement transactions.[1]

Defendants' motion to withdraw the reference, which is one of the few motions pending in case number 11-CV-5115, requires consideration of the nature and posture of the initial bankruptcy cases. The similarities between the present case and the initial bankruptcy cases are therefore relevant. Similar to the present case, the initial bankruptcy cases pertain to the universe of post judgment assets available to satisfy judgments against defendants. The present case and the initial bankruptcy cases also concern post judgment enforcement transactions, which involve some of the same issues of fact. These similarities are sufficient for purposes of Local Rule 40.4(a).

Defendants' motion for reassignment also meets the requirements of Local Rule 40.4(b). Both the present case and case number 11-CV-5115 are pending in the Northern District of Illinois. Reassigning case number 11-CV-5115 to this court would save significant judicial time and effort because this court is already familiar with the parties and many of the underlying facts. Judge Dow's time would be better utilized attending to other matters before the court.

Additionally, case number 11-CV-5115 has not progressed to a point where reassigning it to this court would result in substantial delay. Defendants filed their motion to withdraw the reference at the end of July. The only other pending motions pertain to the motion to withdraw the reference. These motions may be promptly ruled on by this court after reassignment. Given this court's familiarity with the parties and post judgment proceedings, and the limited nature of the motions pending in case number 11-CV-5115, this court believes that both cases are susceptible of disposition in a single proceeding. Defendants' motion to reassign related case number 11-CV-5115 is therefore granted.

---

1. Plaintiff dedicates most of her response brief to articulating reasons why defendants' motion to withdraw the reference is flawed. That is not the issue before the court, and the court will not consider plaintiff's arguments at this time.