**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **NEREIDA MENDEZ,** | ) ) ) | |
| **Plaintiff,** | ) ) | No. 04 CV 4159 |
| v. | ) ) | Judge Joan H. Lefkow |
| **DENTISTS, P.C., DENTAL PROFILE, LTD., DENTAL PROFILE, PERLA DENTAL,** | ) ) ) ) | |
| **Defendants.** | ) ) ) | |

**OPINION AND ORDER**

Plaintiff Nereida Mendez has moved for contempt and judgment against citation respondent Republic Bank ("Republic") [#497] alleging that Republic failed to comply with an October 7, 2010 citation to discover assets of defendants Dental Profile/Dental Profile, Ltd., and Dentists, P.C. ("defendants"). Mendez asks this court to hold Republic in contempt and enter judgment against it in the amount of the unpaid portion of Mendez's judgment against defendants. For the reasons set fort herein, Mendez's motion will be granted.

**BACKGROUND[1]**

This case has a long and tortured history. It was originally assigned to Judge Mark Filip on June 21, 2004 [#1], then it was reassigned to Judge Samuel Der-Yeghiayan on March 3, 2008

---

[1] The court's subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights) & 1367 (supplemental jurisdiction). Ancillary jurisdiction over post-judgment proceedings is proper under Federal Rule of Civil Procedure 69(a). *See Laborers' Pension Fund* v. *Pavement Maintenance, Inc.*, 542 F.3d 189, 193–94 (7th Cir. 2008). Venue is proper under 28 U.S.C. §§ 1391(b)(1) & (2). [*See* #28 Compl. ¶¶ 3–4.]

1

[#202], and finally to this court on April 6, 2011 [#380]. On April 26, 2007, a jury returned a verdict in favor of Mendez and against defendants on various employment related claims in the amount of $781,181.25. [#139.] This amount was subsequently reduced to $387,931.25. [#206.] Mendez has spent the past four and a half years trying to collect. The court need not recite every procedural twist and turn, but the following dates and events are relevant to resolving the pending motion:

- October 14, 2010: Mendez serves[2] Republic via certified mail with a citation, dated October 7, 2010, to discover assets pursuant to 735 Ill. Comp. Stat. 5/2-1402. The citation directs Republic to (1) freeze defendants' assets, (2) appear on October 21, 2010 at the Kurtz Law Offices for examination, and (3) inform Mendez as to any and all accounts and property held by defendants at Republic. [#532-1 Ex. 1.][3]

- October 14, 2010: Certain third party intervenors[4] (not including Republic or defendants) move to quash supplementary proceedings against them and for injunctive relief. [#312.] After a hearing, the court grants the motion in part on October 15, 2010, unfreezing certain intervenor accounts but denying the motion as to others. [#316.]

- October 21, 2010: Republic submits a written answer to the October 7, 2010 citation stating that it is withholding $9,984, but declining to identify the originating account(s). [#532-1 Ex. 4.] Republic does not appear at the Kurtz Law Offices as directed, nor does it produce supporting documentation.

---

[2] Republic alleges that it was improperly served as discussed in Part I, *infra.*

[3] The October 7, 2010 citation informed Republic that it was "prohibited from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to judgment debtor . . . or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of the court or termination of proceedings. . . . [F]ailure to comply with the citation proceeding may result in a judgment entered against you for the unsatisfied amount of this judgment." [#532-1 Ex. 1.]

[4] These intervenors included Husam Aldairi, Rawaa Attar, Elgin Dental, Ltd., Elgin Dental Profile, Ltd., AYA Dental, Ltd., AT DENTAL, Ltd., Dental Profile Michigan, Ltd., A2Z Dental, Ltd., Guadalupe Dental, Inc., Hyde Park Dental Profile, Ltd., North Dental Profile, Inc., San Valentino, Inc., Husgus, LLC, Al Dairi Investment Partnership, AKA Dental, Ltd., AYAT Media, Inc., and Dental Profile Burbank. [#312.]

- October 22, 2010: Republic informs Mendez that $9,984 is being withheld solely from the AYA Dental, Ltd. account, and requests an extension to complete document production. [#532-1 Ex. 5.]

- November 5, 2010: Republic informs Mendez for the first time that it holds an account in the name of defendant Dentists, P.C. Mendez informs Republic that it must freeze this account pursuant to the October 7, 2010 citation. [#532-1 Ex. 5.]

- February 21, 2011: Mendez files her first motion for turnover of funds [#352] directed at Republic for $9,984, which Republic identified in its October 21, 2010 answer as belonging to AYA Dental, Ltd. [#532-1 Ex. 5.] The motion is subsequently granted. [#362.]

- February 24, 2011: Republic informs Mendez for the first time that it holds an account in the name of defendant Dental Profile, Ltd. Mendez informs Republic that it must freeze this account pursuant to the October 7, 2010 citation. [#532-1 Ex. 5.] Mendez sends Republic two follow-up e-mails regarding freezing defendants' accounts, which go unanswered by Republic. [*Id.*]

- March 2, 2011: Mendez files an emergency motion to immediately freeze defendants' accounts. [#360.] At the motion hearing, Mendez's counsel states,

    > MS. KURTZ: Judge, our request also includes immediately freezing the defendants' accounts, Dental Profile and Dentists, P.C.
    >
    > THE COURT: We had frozen that. Why would I freeze it again?

    [#532-1 Ex. 3, Hr'g Tr. Mar. 3, 2010 at 15:13–17.]

- The court enters and continues the motion stating that "the court reiterates that any accounts at Republic Bank of Chicago in the names of the judgment debtors, Dentists P.C., Perla Dental, and Dental Profile/Dental Profile, Ltd., and any accounts in the names of AYA Dental and AYA Dental, Ltd. are to be frozen." [#362.]

- March 9, 2011: Republic answers the October 7, 2010 citation as to defendants and provides Mendez with supporting documentation for defendants' and AYA Dental, Ltd.'s accounts. These documents show that Republic allowed defendants to transfer approximately $716,886.05 out of their accounts between October 14, 2010 and February 28, 2011. [#497 Ex. 2.]

- March 28, 2011: Mendez files her second motion for turnover of funds [#365] directed at Republic for $11,416.89, which was the amount identified in defendants' and AYA Dental, Ltd.'s accounts by Republic's March 9, 2011

answer.[5]

On August 22, 2011, after reviewing Republic's supporting documentation, Mendez filed the instant motion for contempt and judgment against Republic. [#497.] To date, Mendez alleges that she has only collected $33,783.95 from defendants on a judgment of $387,931.25. [*See* #254 & #363.] Invoking 735 Ill. Comp. Stat. 5/2-1402(f)(1), Mendez asks this court to hold Republic in contempt and enter judgment against it in the amount of the unpaid portion of Mendez's judgment against defendants.

## LEGAL STANDARD

Federal Rule of Civil Procedure 69 states that "[t]he procedure on execution [of a money judgment] – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). As such, Illinois law governs the powers of the district court in post-judgment proceedings. *See Bank of Am., N.A.* v. *Veluchamy*, 643 F.3d 185, 188 (7th Cir. 2011); *Soc'y of Lloyd's* v. *Ashenden*, 233 F.3d 473, 475 (7th Cir. 2000); *Resolution Trust Corp*. v. *Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993).

Illinois Supreme Court Rule 277 and 735 Ill. Comp. Stat. 5/2-1402 govern supplementary proceedings to enforce a civil judgment. Illinois Supreme Court Rule 277(b) states that a "supplementary proceeding shall be commenced by the service of a citation on the party against whom it is brought." Ill. Sup. Ct. R. 277(b). Under 735 Ill. Comp. Stat. 5/2-1402(f)(1), a "citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a

---

[5] Mendez subsequently withdrew the motion. [#557.]

judgment therefrom." 735 Ill. Comp. Stat. 5/2-1402(f)(1). This statute "allows the holder of a judgment to depose the judgment debtor respecting the existence, amount, and whereabouts of assets that can be seized to satisfy the judgment; to impose a lien on those assets; and to command the debtor to turn over to the judgment creditor as many of the seizable assets as may be necessary to satisfy the judgment." *Soc'y of Lloyd's*, 233 F.3d at 475–76 (citations omitted); *see* 735 Ill. Comp. Stat. 5/2-1402(m)(2). The citation also prohibits the respondent from transferring non-exempt assets unless the property is beyond double the amount of the judgment sought to be enforced by the judgment creditor. 735 Ill. Comp. Stat. 5/2-1402(f)(1); *City of Chicago* v. *Air Auto Leasing Co.*, 697 N.E.2d 788, 791, 297 Ill. App. 3d 873, 232 Ill. Dec. 46 (Ill. App. Ct. 1998).

Those who fail to comply with the terms of a citation may be sanctioned by the court. Illinois Supreme Court Rule 277(h) states that "[a]ny person who fails to obey a citation . . . issued pursuant to any provision of this rule may be punished for contempt." Ill. Sup. Ct. R. 277(h). In addition, under section 5/2-1402(f)(1),

> [t]he court may punish any party who violates the restraining provision of a citation as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser.

735 Ill. Comp. Stat. 5/2-1402(f)(1). To make out a *prima facie* case under section 5/2-1402(f)(1), the movant must show (1) a citation issued in furtherance of an enforceable judgment; (2) proper service of the citation on the third-party respondent; and (3) a transfer that violated the prohibition. *In re Weitzman*, 381 B.R. 874, 882 (N.D. Ill. 2008). If contempt sanctions are sought for the violation, the court must also decide whether the violation was

contemptuous. *Id.*; *see also Laborers' Pension Fund* v. *Dominic Jr., Inc.*, No. 02 C 3321, 2003 WL 21310282, at *4 (N.D. Ill. June 5, 2003). According to the Seventh Circuit, "[t]hese powers are to be broadly construed, providing the district court with the authority to enter a wide variety of orders to ensure that usable assets are located, seized, and—where appropriate—applied to the judgment." *Bank of Am.*, *N.A.*, 643 F.3d at 188 (citations omitted).

## DISCUSSION

Mendez claims that Republic violated the October 7, 2010 citation by allowing the transfer of $716,886.05 out of defendants' accounts between October 14, 2010 and February 28, 2011. Mendez claims to have met its burden under section 5/2-1402 because it (1) served Republic with a citation; (2) in furtherance of an enforceable judgment; and (3) Republic allowed subsequent transfers from defendants' accounts in violation of the citation. Republic counters that Mendez's motion should be denied because (1) Republic was not served with the citation; (2) the motion is untimely; and (3) Republic complied with the terms of the court's October 15, 2010 order.

### I. Service of Process

Republic's first defense to sanctions is that it was improperly served with the citation. *See* Fed. R. Civ. P. 12(b)(5). Interpreting Federal Rule of Civil Procedure 69(a), the Seventh Circuit held that "in the absence of an applicable federal statute the procedure in supplementary proceedings to execute a federal court's judgment shall be that of the forum state." *Resolution Trust Corp.*, 994 F.2d at 1226; *see also Textile Banking Co., Inc.* v. *Rentschler*, 657 F.2d 844, 850 (7th Cir. 1981). Applying this guidance, courts have held that Illinois procedural rules govern the service of a citation summons. *See In re Jacobs*, Nos. 00-80460, 00-8083, 2000 WL

34556844, at *3 (C.D. Ill. Nov. 11, 2000) ("Illinois rules regarding service of a citation to discover assets apply to a judgment collection proceeding conducted in the bankruptcy court."); *In re Weitzman*, 381 B.R. at 882 ("Citations must be served and returned in the manner provided by the [Illinois] rule for service of summons.") (citing Ill. S. Ct. R. 277(c)).

There is little doubt that Republic was properly served with the October 7, 2010 summons under Illinois law. Illinois Supreme Court Rule 277(c) states that "[t]he citation shall be served and returned in the manner provided by rule for service, otherwise than by publication, of a notice of additional relief upon a party in default." Ill. Sup. Ct. R. 277(c). Illinois Supreme Court Rule 105 governs service of process of a notice of additional relief upon a party in default and applies to service of a citation summons. *Id.*; *Manley Motor Sales Co.* v. *Kennedy*, 419 N.E.2d 947, 949, 95 Ill. App. 3d 199, 50 Ill. Dec. 679 (Ill. App. Ct. 1981). Rule 105 states in relevant part,

> The notice may be served by any of the following methods:
>
> (1) By any method provided by law for service of summons, either within or without this State.
>
> ***
>
> (2) By prepaid certified or registered mail addressed to the party, return receipt requested, showing to whom delivered and the date and address of delivery.
>
> ***

Ill. Sup. Ct. R. 105(b). Here, Mendez served Republic's Legal Department with a copy of the citation summons via registered mail, return receipt requested, on October 14, 2010. [*See* #352-1 Ex. 1.] This manner of service was plainly proper under Illinois law.

Republic does not dispute that it received notice of the citation via registered mail on

October 14, 2010 but instead alleges that it was entitled to personal service relying in part on this court's decision in *Martin v. C.D. Gray, Inc.*, 110 F.R.D. 398, 401 (N.D. Ill. 1986). In *Martin*, the issue before this court was whether a judgment debtor was properly served when the law firm, which represented him in the contempt proceeding that resulted in the judgment against him, was personally served with a citation summons directed at the judgment debtor. *Id.* at 399. While noting that personal service is generally required for service of a citation to discover assets, this court nonetheless held that service on the law firm was proper because there was "no doubt" that the judgment debtor received actual notice of the citation. *Id.* at 401. Invoking the Illinois Appellate Court's reasoning in *Manley Motor Sales Company* v. *Kennedy*, this court noted,

> 'the essence of the service requirements is to provide due process;' and although 'generally due process requires following the rules, . . . where the rules are inadequate substantive due process requires only actual notice, that is, reasonable assurance that notice was actually given to the party.'

*Id.* (quoting *Manley Motor Sales Co.*, 419 N.E.2d at 950). In evaluating the factors that placed the judgment debtor on actual notice of the citation, this court found that (1) the judgment debtor's attorneys told the court that they had promptly relayed all process and correspondence to the judgment debtor; (2) the judgment debtor had a history of avoiding paying judgments against him; and (3) the judgment debtor specifically retained counsel to contest the court's jurisdiction. This court therefore concluded that it would be inequitable to quash the citation, despite the judgment creditor's failure to adhere to proper procedure. *Id.*

Here, as in *Martin*, this court similarly declines to elevate form over substance by requiring personal service upon Republic where it received actual notice of the citation. In

addition to receiving a copy of the citation via registered mail, Republic provided two answers to the citation and repeatedly corresponded with Mendez's counsel regarding the terms of the citation over the course of five months. There is no doubt, therefore, that Republic received actual notice of the citation, and the court can glean no benefit from requiring personal service when the demands of due process have been met.

## II.     Automatic Termination Under Illinois Supreme Court Rule 277(f)

Republic next contends that the court must deny Mendez's motion because it lacks personal jurisdiction over Republic. *See* Fed. R. Civ. P. 12(b)(2). The burden of proof for a jurisdictional challenge is on the party asserting jurisdiction, here Mendez, and she alleges that personal jurisdiction is proper. *RAR, Inc.* v. *Turner Diesel*, 107 F.3d 1272, 1276 (7th Cir. 1997). Republic counters that, under Illinois Supreme Court Rule 277(f), the citation automatically terminated on April 21, 2010, thereby depriving the court of personal jurisdiction.

Illinois Supreme Court Rule 277(f) states that

> [a] proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner. The court may, however, grant extensions beyond the 6 months, as justice may require.

Ill. Sup. Ct. R. 277(f). The automatic termination deadline seeks to "avoid undue harassment of a judgment debtor or third party" and ensure that "property does not remain encumbered by liens indefinitely." *Windcrest Dev. Co., Inc.* v. *Giakoumis*, 834 N.E.2d 610, 614, 359 Ill. App. 3d 597, 296 Ill. Dec. 53 (Ill. App. Ct. 2005) (citations and internal quotation marks omitted). In cases where the citation respondent is found to have initiated the delay, however, courts have been

9

willing to overlook the six month time limit on equitable grounds. *See, e.g., Resolution Trust Corp.*, 994 F.2d at 1228 ("[A] debtor who by his own actions delays the citation proceeding should be estopped to plead the deadline.") (citation omitted); *100 W. Monroe P'ship* v. *Carlson*, 745 N.E.2d 554, 561, 319 Ill. App. 3d 761, 253 Ill. Dec. 431 (Ill. App. Ct. 2001) ("[D]efendant is estopped from pleading the six-month deadline because his own actions delayed the citation proceedings.").

As an initial matter, contrary to Republic's position, courts in this circuit have held that Rule 277(f) is "not jurisdictional" and "the expiration of the six-month period [does] not destroy personal jurisdiction." *United States* v. *Rogan*, No. 02 C 3310, 2008 WL 4853478, at *2 (N.D. Ill. Nov. 3, 2008); *Resolution Trust Corp.*, 994 F.2d at 1228 (Illinois requires only "substantial compliance" with the six-month deadline); *Pavement Maintenance, Inc.*, 542 F.3d at 194 ("Since . . . rule [277(f)] does not affect the federal court's jurisdiction, its benefits could be forfeited or waived."); *see also Nat'l Bank of Albany Park in Chicago* v. *Newberg*, 289 N.E.2d 197, 201, 7 Ill. App. 3d 859 (Ill. App. Ct. 1972) (retaining jurisdiction beyond the six-month deadline after finding no material harm in the delay). Operation of the six-month deadline may act to terminate a citation, but it does not automatically deprive the court of jurisdiction. As such, the court will construe Republic's argument as a non-jurisdictional defense to enforcement of the citation.

Republic first argues that Mendez's motion must be denied because it personally appeared on October 21, 2010 when it submitted a written answer to the citation, and therefore the citation automatically terminated on April 21, 2011. Illinois Supreme Court Rule 277(f) does not define "personal appearance," but some courts have held that a citation respondent must appear in person and answer questions regarding the disputed assets before Rule 277(f)'s six-

10

month clock begins to run. *See, e.g., Rogan*, 2008 WL 4853478, at *2 (appearance through counsel and production of documents did not start the six-month clock); *Flip Side Prods., Inc.* v. *Jam Prods., Ltd.*, No. 82 C 3684, 1990 WL 18677, at *3 (N.D. Ill. Nov. 8, 1990) (six-month cutoff did not begin to run until citation respondents personally appeared at their depositions). Other courts have held, however, that a written answer is sufficient to start the six-month clock. *See, e.g., Windcrest Dev. Co.*, 834 N.E.2d at 614 (citation respondent first appeared when it filed its written answer).

While it is true that Republic answered the citation on October 21, 2010, its answer was woefully incomplete, identifying $9,984 but declining to identify the originating account(s). Republic did not provide an answer as to defendants' accounts until nearly five months later on March 9, 2011, which was also the first time it produced a complete set of supporting documentation. In addition, from the record, it appears that Republic has yet to present a representative for examination at the Kurtz Law Offices as directed. Thus, even assuming *arguendo* that a written answer could constitute a "personal appearance," Republic could not be said to have appeared until it produced a *complete* answer to the citation, which was not until March 9, 2011. The instant motion was filed on August 22, 2011, within the six-month cutoff of September 9, 2011.

Moreover, even if the court were to rule that Republic's first incomplete answer constituted a "personal appearance," equitable considerations factor against a finding that the six-month deadline has run. Unlike in the cases cited by Republic where the citation respondent was either unaware of or not responsible for the delay, *see King* v. *Ionization Int'l, Inc.*, 825 F.2d 1180, 1188 (7th Cir. 1987), *Windcrest Dev. Co., Inc.*, 843 N.E.2d at 615, the hold-up in this case

was largely Republic's fault. Republic failed to file a complete answer for nearly five months, withheld critical documents and declined to appear for examination. The court need not turn a blind eye to these acts, which have unnecessarily prolonged these proceedings at Mendez's expense. As such, to the extent that Republic's October 21, 2010 answer constituted a "personal appearance," which the court believes it did not, Republic is equitably estopped from arguing that the Rule 277(f)'s six-month deadline has run. *See Resolution Trust Corp.*, 994 F.2d at 1228; *Pavement Maintenance, Inc.*, 542 F.3d at 194; *Rogan*, 2008 WL 4853478, at *2.

### III.    Compliance with the Court's October 15, 2010 Order

Finally, Republic argues that the instant motion must be denied because it fully complied with the court's October 15, 2010 order and, as such, the motion is "patently improper, inequitable and contrary to the record." [Republic Resp. at 8.] Mendez, on the other hand, argues that the court's October 15, 2010 order did not affect defendants' funds at Republic and therefore Republic was obligated to continue to comply with the October 7, 2010 citation. Mendez's understanding of the court's order is correct. The court's October 15, 2010 order was in response to a motion by certain intervenors, including AYA Dental, Ltd., not defendants or Republic. The court ordered the AYA Dental, Ltd. account at Republic to remain frozen and did not disturb the citation as to the Dental Profile, Ltd. account.[6]

---

[6] Indeed, the motion hearing largely concerned the accounts held at MB Financial Bank, not Republic. [*See* #532-1 Ex. 2, Hr'g Tr. Oct. 15, 2010.] As to Republic, the court engaged in the following colloquy with Mr. Weissberg, counsel for MB Financial Bank:

> THE COURT: I haven't addressed Republic Bank right now. So what's happening with Republic Bank?
>
> MR. WEISSBERG: Republic Bank has approximately $3,000 in an AYA Dental account . . .
>
> THE COURT: Okay. So the Republic Bank representative is not here but is there any question

<a>
</a>
Admittedly, the court's ruling as to the Dentists, P.C. account is less clear. [*See* #316.] This account was not mentioned during the October 15, 2010 hearing and appears to have evaded the court's scrutiny. After considering the intervenors' motion [#312] and the hearing transcript [#532-1 Ex. 2, Hr'g Tr. Oct. 15, 2010.], however, the court concludes that Judge Der-Yeghiayan intended for the Dentists, P.C. account at Republic to remain frozen pursuant to the citation. First, it is worth noting that neither Republic nor defendants were parties to the intervenors' motion, which asked the court to unfreeze certain intervenor accounts but did not request the same as to Dentists, P.C. [#312 at 2–3.] Second, as the hearing transcript makes clear, the motion hearing largely pertained to unfreezing the AYA Dental, Ltd. account at MB Financial Bank, which the court declined to do. [*See generally* #532-1 Ex. 2, Hr'g Tr. Oct. 15, 2010.] This leads the court to conclude that the Dentists, P.C. account was not at issue in the motion. Finally, when Mendez again moved, four months later, to freeze defendants' accounts the court seemed perplexed by her motion, stating, "[w]e had frozen that. Why would I freeze it again?" [#532-1 Ex. 3, Hr'g Tr. Mar. 3, 2010 at 15:13–17.] From this record, the court therefore concludes that Republic was required to continue to freeze the Dentists, P.C. account, along with

---

    that is not the AYA Dental account?

    MR. WEISSBERG: No. There's no question that the Republic Bank account is definitely an AYA Dental account.

    THE COURT: So that's frozen.

    \*\*\*

    MR. WEISSBERG: But the other ones would be unfrozen.

    THE COURT: I'm granting your motion to quash any other entities listed other than the AYA Dental and the Dental Profile, Ltd.

[#532-1 Ex. 2, Hr'g Tr. Oct. 15, 2010 at 62:24–63:17.]

the Dental Profile, Ltd. account, despite the intervenor's motion.

### IV. Judgment Under Section 5/2-1402(f)(1)

Based on the foregoing, Mendez has demonstrated a *prima facie* case for judgment under section 5/2-1402. Mendez has showed that she (1) served Republic with a citation on October 14, 2010; (2) in furtherance of an enforceable judgment of $387,931.25; and (3) Republic permitted the transfer of $716,886.05 from the Dentists, P.C. and Dental Profile, Ltd. accounts in violation of the citation. Republic has failed to come forth with any evidence rebutting Mendez's *prima facie* case. Moreover, because Republic waited five months to file an answer and supporting documentation and declined to appear for examination as directed, the court believes a finding of contempt is warranted. Judgment against Republic is therefore proper in the amount of the unpaid portion of Mendez's judgment against defendants plus the costs associated with enforcement of the citation. *See* 735 Ill. Comp. Stat. 5/2-1402(h); *For Your Ease Only, Inc.* v. *Calgon Carbon Corp.*, No. 02 C 7345, 2009 WL 3255236, at *3–4 (N.D. Ill. Oct. 6, 2009). As attorneys' fees are not expressly provided by the statute, the court declines to award them.

**CONCLUSION AND ORDER**

For the foregoing reasons, Mendez's motion for contempt and for judgment against Republic Bank [#497] is granted. The court finds Republic Bank in contempt of court for violating the lien imposed on defendants' Dentists P.C.'s, Dental Profile./Dental Profile, Ltd.'s accounts at the time of the service of the citation to discover assets, and directs the clerk to judgment against Republic Bank in the amount of $354,147.30, which is the unpaid portion of the judgment against defendants Dentists, P.C. and Dental Profile/Dental Profile, Ltd., plus costs.

Dated: March 7, 2012         Enter:_____
                                          JOAN HUMPHREY LEFKOW
                                          United States District Judge