## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4159 | **DATE** | 6/6/2012 |
| **CASE TITLE** | Mendez vs. Perla Dental | | |

**DOCKET ENTRY TEXT**

Republic Bank's motion to set aside judgment [#667] is granted. The order of contempt and judgment entered against Republic Bank [#622] and this court's memorandum opinion and order [#623] are vacated. The court adopts the report and recommendation of Magistrate Judge Maria Valdez [#571] and denies plaintiff's motion for contempt and judgment against Republic Bank [#497]. Reasons are stated in the statement section of this order.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

**Statement**

The facts are set out in the report and recommendation and will not be repeated here. In short, on October 15, 2010 Judge Samuel Der-Yeghiayan (to whom this case was then assigned) entered an order [#316] ("the Order") granting certain intervenors' motion to lift a prohibition against the transfer of certain property of the defendant judgment debtors. Republic Bank, relying on the Order, transferred funds contrary to the directive of a citation to discover assets. Plaintiff, Nereida Mendez, moved for a finding of contempt and entry of judgment against Republic Bank. On October 18, 2011, Magistrate Judge Valdez issued a report and recommendation [#571] recommending that this court deny plaintiff's motion.[1] Overlooking Judge Valdez's report and recommendation and the objections to it, this court on March 7, 2012, issued an opinion and order [#623] granting Mendez's motion as an initial matter and entering judgment against Republic Bank for the unpaid portion of the judgment [#622]. Republic Bank now moves under Federal Rule of Civil Procedure Rule 60(b) to set aside the judgment.

Rule 60(b) permits the court, "[o]n motion and just terms," to relieve a party from a final judgment for a variety of enumerated reasons and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see Klapprott* v. *United States*, 335 U.S. 601, 614–15, 69 S. Ct. 384, 93 L. Ed. 266 (1949) ("the language of the 'other reason' clause . . . vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice"); *Margoles* v. *Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986) ("relief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust"). The decision whether to grant or deny a motion to set aside judgment is committed to the sound discretion of the trial court and will be reversed only if "no reasonable person could agree with the district court." *Reinsurance Co. of Am., Inc.* v. *Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1277 (7th Cir. 1990) (citation and internal quotation omitted). This

**STATEMENT**

court is persuaded that this is an unusual circumstance justifying relief. First, this court failed to follow Rule 72(b) in ruling on the motion, and having reviewed the magistrate judge's report and recommendation the court is persuaded that the magistrate judge's recommendation is correct. As such, justice is served by granting the motion to vacate the judgment.

Under Federal Rule of Civil Procedure 72(b), the district court reviews a magistrate judge's report and recommendation to which objections have been timely filed under a *de novo* standard and "may accept, reject, or modify the recommended decision; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).[2] "If no objection or only partial objection is made, the district court reviews those unobjected portions [of the magistrate judge's report and recommendation] for clear error." *Johnson* v. *Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). Mendez has timely filed objections and review of the disputed portion of Judge Valdez's report is therefore *de novo*.[3]

Mendez's objections, and the difference between this court's original opinion and that of Judge Valdez, stem from the interpretation of the Order. Judge Valdez held that the "plain language" and the "most reasonable interpretation" of the Order was that it unfroze the Dental Profile/Dental Profile, Ltd. and Dentists, P.C. accounts at Republic Bank and that Republic Bank was justified in relying on the Order as written. [#571 at 8–9.] Judge Valdez also concluded that because the intervenors' motion requested "other relief as the Court deems just and equitable," the Order was not confined to the relief specifically requested by the intervenors in their motion. [*Id.* at 8.][4]

This court, in reaching the contrary conclusion, considered the text of the Order, the intervenors' motion, the hearing transcript for the motion, and the court's and parties' subsequent statements and actions. [*See* Opinion #623 at 12–14.] This court noted that the Order was entered in response to a motion to quash supplementary proceedings and for injunctive relief filed by certain intervenors that did not include a request for relief that defendants' Republic Bank accounts be unfrozen.[5] The Order explicitly referenced the intervenors' motion in its holding. This led this court to conclude that defendants' accounts at Republic Bank were not at issue in the motion or the Order, and this court held Republic Bank responsible for failing to examine the order in light of the underlying motion or to seek clarification from the court.

As explained in *West Bend Mutual Insurance Co.* v. *Belmont State Corp.*, No. 09 C 354, 2010 WL 5419061, at *13 (N.D. Ill. Dec. 23, 2010), which, as here, dealt with claimed wrongful transfer of a debtor's assets subject to a citation to discover assets,

> A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner. To be held in civil contempt, the district court must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party or witness in contempt violated. . . . To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that: (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. Furthermore, [the movant] must show that [the contemnor's] actions were contumacious.

*Id.* (citations, internal quotation and insertion indicators omitted); *see also Ferrell* v. *Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986) ("In order to hold a party in contempt, the court must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated."

**STATEMENT**

(citation, internal quotation and insertion indicators omitted)).[6]

In its response to Mendez's objections, Republic Bank argued that the Order was unambiguous on its face and required Republic Bank to unfreeze defendants' accounts. Republic Bank indicated that it read the Order to mean that "the *only* accounts to remain frozen pursuant to the citation issued by Plaintiff Nereida Mendez against Defendants Dentists, P.C.; Perla Dental, and Dental Profile/Dental Profile, Ltd[.] are [certain intervenor accounts, and] . . . [the] [e]mergency motion to quash citations as to all other accounts at . . . Republic Bank of Chicago . . . is granted." [*See* #316 (emphasis added).] Moreover, Republic Bank stated that it was not required to look beyond the plain text of the Order and thus was not obligated to consider the intervenors' underlying motion, despite the court's explicit reference thereto.

Having considered Judge Valdez's report and recommendation and the parties' subsequent filings, this court concludes that Judge Valdez reached the correct result. The Order, at best, was ambiguous. Indeed, this court could not make sense of it without resort to the intervenors' motion, the hearing transcript, and the court's and parties' subsequent statements. Facially, the Order quashed the citation "as to all other accounts . . . at Republic Bank that [were] not identified above [within the order]." [#316.] Although Judge Der-Yeghiayan likely intended to quash "all other accounts" addressed in the motion before him, that directive was not articulated in the Order. Republic Bank was not a party to the intervenors' motion, did not attend the motion hearing, and did not file an appearance in this case until after the Order was entered. [*See* #507.] Republic Bank's reading was reasonable.

Because the Order cannot be said to have set forth an unambiguous command, the first element of proof of contempt is not met. Moreover, there is no evidence of "contumacious" conduct. *W. Bend Mut. Ins. Co.*, 2010 WL 5419061, at *13. Unlike a competing or colluding creditor, Republic Bank had no apparent stake in the disposition of the funds in the accounts that would suggest that it acted in knowing disobedience of the court's order. Under these circumstances, this court concludes that any ambiguity in the order should be resolved in favor of Republic Bank and that a finding of contempt of court is unwarranted.

It is regrettable that an order from the court could be the cause of such confusion among both the citation respondent and plaintiff. Litigants look to the court to provide clear guidance, particularly when they face harsh penalties for non-compliance, and the court fell short of its obligation in this instance. It is even more regrettable that plaintiff has been denied satisfaction of her judgment as a result. Nonetheless, the order of judgment and contempt entered against Republic Bank by this court [#622] must be vacated because it was wrongly decided.

cc: Mag. J. Valdez

---

[1] Mendez argues that Judge Valdez was without authority to issue a report and recommendation on the matter because there was not a referral order in place for Mendez's motion for contempt and judgment. On March 30, 2011, however, Judge Der-Yeghiayan entered an order recommending that all post-judgment proceedings be referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(3). [*See* #368.] The Executive Committee Order referred the matter on the same day. [*See* #376.] Because the motion for contempt and for judgment arose from post-judgment proceedings, the magistrate judge properly considered it.

² *See also Michelson* v. *Schor*, No. 93 C 5124, 1996 WL 667803, at *2 (N.D. Ill. Nov. 15, 1996) ("The provisions of subsection (b)(1) generally have been held to apply to the remaining subsections of (b), which would include (b)(3) . . . [and] Federal Rule of Civil Procedure 72 . . . applies to matters referred under the catch-all provision § 636(b)(3)[.]").

³ Mendez argues that because this court decided her motion for contempt and judgment as an initial matter, without considering Judge Valdez's report and recommendation, this court's decision was the equivalent of *de novo* review and should stand. This court, however, understands Rule 72(b) and § 636(b)(1) to require the district court to *actually review* a magistrate judge's report and recommendation, as well as the parties' objections and responses, before issuing a ruling. *See, e.g., Lorillad Tobacco Co.* v. *Montrose Wholesale Candies & Sundries, Inc.*, No. 03–cv–5311, 03–cv–4844, 2011 WL 65963, at *4 (N.D. Ill. Jan. 10, 2011) ("Where a party files and serves 'specific written' objections to the magistrate's findings, the district court must conduct de novo review of any part of the magistrate's findings to which there are proper objections." (quoting 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2))); H.R. Rep. No. 1609, 94th Cong., 2nd Sess. (1976) ("The district court, on application, shall listen to the tape recording of the evidence and proceedings before the magistrate and *consider* the magistrate's proposed findings of fact and conclusions of law. The court shall make a de novo determination of the facts and the legal conclusions to be drawn therefrom." (emphasis added)). Because no such review occurred here, this court believes that relief under Rule 60(b)(6) is warranted.

⁴ Judge Valdez also questioned the admissibility of the exhibit offered by Mendez to establish the amount of money transferred out of defendants' Republic Bank accounts between October 12, 2010 and February 28, 2011. [*See* #571 at 11; #497 Ex. 2.] Mendez has since authenticated the exhibit, *see* #587 at 11 & Ex. 3, and Republic Bank has not objected to its admissibility under Federal Rule of Evidence 1006.

⁵ *See also* R&R #474 at 6–7 (stating that Ariel Weissberg, attorney for the intervenors, "never requested the release of any of the judgment debtor's accounts at the October 15, 2010 hearing . . . [and] Weissberg's motion was specifically aimed to quash non-judgment debtors")

⁶ Republic Bank argues that court orders issued pursuant to a citation to discover assets are considered injunctions and as such they must comply with the Illinois Injunction Act and Federal Rule of Civil Procedure 65. The Illinois Supreme Court has held otherwise, however. *See Bank of Aspen* v. *Fox Cartage, Inc.*, 533 N.E.2d 1080, 1083, 126 Ill. 2d 307, 127 Ill. Dec. 952 (1989) ("[W]e conclude that the restraining provision of section 2-1402 does not constitute an injunction. The statute simply informs the citee of the penalties which may occur if it transfers or disposes of property belonging to the judgment debtor.").